IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRAIG FISHER | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| | ) Case No. 12-cv-2423 EFM/JPO |
| | ) |
| APRIA HEALTHCARE, INC. | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff Craig Fisher, for his claims and cause of action against Defendant Apria Healthcare Group, Inc. ("Apria"), states and alleges the following:

### I.
### PARTIES

1. Plaintiff Craig Fisher is a Missouri resident.

2. Defendant Apria is a Kansas Corporation operating and doing business in Johnson County, Kansas.

### II.
### JURISDICTION AND VENUE

3. The jurisdiction of the Federal Court is invoked because Plaintiff's claims arise under the statutes and laws of the United States, namely the Americans with Disabilities Act ("ADA"), 42 U.S.C §§12111 *et seq*.

4. Venue is proper in that Defendant is located within this District and the acts complained of took place within this District.

## III.
## FACTUAL STATEMENT

5. Fisher began his employment with Defendant Apria as a Branch Logistics Supervisor on or about October 18, 2010.

6. Fisher suffers from Type I Diabetes, but it does not prevent him from performing the essential functions of his job with reasonable accommodation.

7. As a condition of his employment, Apria required Fisher, within 120 days of commencing employment, to apply for and obtain a "Commercial Drivers License with a Hazmat and tank endorsement".

8. Because of Fisher's condition, obtaining his Commercial Driver's License ("CDL") within the stated timeframe was a near impossibility.

9. Historically, individuals with diabetes were unable to obtain CDLs but, in 2003, a process was put in place to permit an individualized assessment of diabetic individuals so diabetics may obtain CDL licensure, however, the approval process in such circumstances extends beyond 120 days.

10. The Federal Motor Carrier Safety Administration administers the application process for the certification and award of a CDL to persons with diabetes.

11. On November 18, 2010, Fisher submitted required information via facsimile to the Federal Diabetes Exemption Program in connection with his effort to obtain his CDL.

12. Because Fisher knew obtaining his CDL within 120 days was not possible, Fisher met with Apria Human Resources Manager Meredith Sterba on or

about November 20, 2010, and requested the reasonable accommodation of allowing more than 120 days for him to receive his CDL.

13. Sterba informed Fisher he would be allowed the extension to complete the application process and further stated that an alternative position would be offered if the application was not approved.

14. After receipt of Fisher's documentation, the Federal Motor Carrier Safety Administration contacted Fisher with "follow-up questions".

15. On or about January 13, 2011, Fisher's health care provider provided responses to the follow-up questions from the Federal Motor Carrier Safety Administration.

16. During this time, Fisher was meeting all the legitimate expectations of his job.

17. At least one other individual who was required to obtain a CDL was permitted to perform driving duties even though he had not yet obtained his CDL.

18. On Friday February 18, 2011, after approximately 123 days of employment, Branch Manager Joshua Sanders terminated Fisher's employment because he did not receive a CDL within the 120-day timeframe.

19. On or about April 26, 2011, Fisher's application for an exemption from the diabetes standard was approved by the Federal Motor Carrier Safety Administration.

## COUNT I –VIOLATION OF THE ADA

20. Plaintiff restates and incorporates by reference his allegations in each preceding paragraph.

21. Plaintiff was disabled and/or regarded as disabled on account of his diabetes.

22. Plaintiff engaged in protected activity by making a request for reasonable accommodations regarding the disabling condition of diabetes.

23. Defendant knew or should have known that Plaintiff requested a reasonable accommodation on account of his diabetes.

24. Defendant discriminated against Plaintiff in that it did not reasonably accommodate his disability by providing an extension to the time limitation within which Plaintiff was to obtain his CDL such that Defendant's own time limitations were in conflict with those of the federal government as to diabetic individuals.

25. Defendant terminated Plaintiff without granting the requested reasonable accommodation and/or terminated Plaintiff because he requested accommodation for his disability.

26. Plaintiff filed a charge of discrimination with the EEOC within 300 days of the alleged wrongful act by Defendant and filed his claim in court within 90 days of receipt of his right to sue letter from the EEOC.

27. Defendant's conduct was outrageous due to its evil motive, malice and/or reckless indifference for Plaintiff's rights thereby entitling him to punitive damages.

28. As a direct and proximate result of Defendant's conduct Plaintiff sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual and punitive damages and his reasonable attorneys' fees, together with his costs, and any other relief the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable herein.

## LOCATION OF JURY TRIAL

Plaintiff requests jury trial to occur in Kansas City, Kansas.

Respectfully Submitted,

REAVEY LAW LLC

By: /s/ Kevin C. Koc
    Patrick G. Reavey KS# 17291
    Kevin C. Koc KS# 24953
    Livestock Exchange Building
    1600 Genessee, Suite 303
    Kansas City, MO 64102
    Ph: 816.474.6300
    Fax: 816.474.6302
    Email: patrick@reaveylaw.com
    Website: www.reaveylaw.com
    ATTORNEYS FOR PLAINTIFF