## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CRAIG FISHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-2423-EFM** |
| | ) | |
| **APRIA HEALTHCARE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The parties have jointly moved for entry of a Confidentiality Agreement and Protective Order whereby the parties agree that they and their counsel may be given access to certain confidential information, potentially including confidential medical records, confidential personnel documents, business organization and strategy information, confidential financial information, confidential customer information, commerce and proprietary information, personnel policies, and other confidential employee and business information, and the parties and their counsel are to hold such documents and information in confidence, using such information and documents only in connection with this pending litigation.

Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information in documents for good cause.  Good cause exists for the issuance of a Confidentiality Agreement and Protective Order here because a majority of persons associated with this matter move in a relatively small business/industrial community and, if the confidential information described herein was known in that community, that knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could, potentially impact upon certain persons' personal and work relationships.

Therefore, in consideration of the parties' Joint Motion for Entry of a Confidentiality Agreement and Protective Order to protect confidential and proprietary information that may be

produced in connection with Plaintiff's claims and/or Defendant's defenses, after a review of the proposed Order and based on good cause shown, it is hereby ORDERED that the Joint Motion for Entry of a Confidentiality Agreement and Protective Order is GRANTED and the following Confidentiality Agreement and Protective Order is entered:

1.      Any documents, in the event they are produced in the course of litigation and limited to the following categories, may be designated as "Confidential" by the producing party. The categories are:

      a.      Business organization and strategy information;

      b.      Financial information about Defendant's business not publicly filed with any federal or state regulatory authorities;

      c.      Commercial and proprietary information that has not been disclosed to the public;

      d.      Company policies and procedures and employee-only communications;

      e.      Personal information about past or present employees of Defendant, including: (i) personnel, medical, payroll, benefits, and other similar documents and files; (ii) performance evaluations; and (iii) personal information such as social security number, telephone number, and residential address;

      f.      Employment complaints or charges of discrimination for wrongful treatment filed by any employee of Defendant;

      g.      Confidential information regarding Defendant's past or present customers, including medical information;

      h.      Documents pertaining to Plaintiff's prior employment as well as prospective employment with any individual and/or organization;

      i.      Documents containing Plaintiff's financial information; and

j.        Confidential medical information pertaining to the Plaintiff.

2.        The party claiming a document or information is confidential shall mark "CONFIDENTIAL" on the face of any document the party believes should be treated as confidential pursuant to this Order.  Each page shall be stamped by the producing party with an identifying "bates" number.

3.        Documents designated as "Confidential" and any copies of such documents and any information contained in or derived from such documents, shall be made available only to the following persons when needed by them in connection with their duties in the conduct of this action:

        a.        The parties and their attorneys of record in this litigation, their partners or associate attorneys;

        b.        Any persons employed by such attorneys or their firms, when working in connection with this litigation under the direct supervision of partners or associate attorneys of said firms;

        c.        The Court;

        d.        Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony;

        e.        All experts and consultants retained by any party for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the producing party (assuming such employment is known to the hiring party);

        f.        Any mediator or other person retained by the parties to conduct alternative dispute resolution;

        g.        Any person deposed in this case pursuant to the procedures outlined in Section 5 herein;

h.      Any independent document reproduction services or document recording and retrieval services;

i.      If applicable, insurance carriers of Defendant and all agents, adjusters, officials, officers, and managerial employees thereof; and

j.      Any other person on such terms and conditions as the parties may mutually agree, in writing, or as the Court may hereafter direct by further Order.

4.      Except as provided in this Order, no copies of material designated as "Confidential" shall be furnished, and no information contained in such material shall be disclosed to any person, firm, or corporation except those identified in this Order, without prior written consent of the party to whom the records belong or their attorneys of record in these actions.  Before disclosing any "Confidential" information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel, members of the jury, and stenographic reporters), the parties agree that counsel shall provide such person with a copy of the Protective Order and obtain from such person a written acknowledgement of, and agreement to be bound by, the terms of this Protective Order.  The parties further agree all such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

5.      Whenever an exhibit to a deposition involves the disclosure of "Confidential" information, the deposition exhibit or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of the Protective Order if a party so suggests.  Such deponent shall be informed of this Confidentiality Agreement and Protective Order and presented with a written acknowledgement of, and agreement to be bound by, the terms of this Protective Order. Failure to request that the document be designated as "Confidential" during the deposition does

not waive the right to request the document be treated as confidential subsequently pursuant to Section 8 herein.

6.　　This Order does not restrict or limit the use of confidential material at any hearing, trial, or alternative dispute resolution process. However, any party desiring to file with the Court any pleading with confidential documents attached or that contains information derived from such documents shall first file an appropriate motion with the Court seeking to file the motion under seal with the Clerk of the Court.  If the motion to seal any of the designated confidential documents is denied, that party may file the documents of record without a seal.

7.　　In the event that any party to this litigation disagrees with the designation of any information as "Confidential" information, the party shall first confer with the other parties as to whether they will agree to a change.  If this fails, either party may seek appropriate relief from the Court.  Exceptions to this Order may be made by unanimous agreement of the parties to it, and any party may seek relief from the Court.  The producing party shall always have the burden of showing that the materials are confidential and/or proprietary in nature rendering them subject to this Order.  This Order shall be without prejudice to any party to bring before the Court the issue of whether any particular information is, or is not, confidential.

8.　　The entire text of any deposition, including exhibits, shall be treated as confidential under this Order for a period of thirty (30) days following the deposition, during which time the producing party may determine whether such materials and information shall be marked confidential.  In the event that the producing person or party inadvertently fails to designate discovery material as "Confidential" in this or any other litigation, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable.  After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as confidential, subject to their right to dispute such designation in accordance with paragraph 7.

12-2423-EFM-PO.doc                                5

9.       All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees, and agents comply with this Order.  In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

10.       All parties and counsel for such parties in this litigation shall make a good faith effort that only those documents that are truly confidential, and no others, are marked as "Confidential."

11.       The Court's jurisdiction to enforce the protective order terminates upon final disposition of the case.  The parties shall take such measure as are necessary and appropriate to prevent the public disclosure of confidential discovery material, through inadvertence or otherwise, after the conclusion of this litigation.

12.       Following the termination of this litigation (including any appeals), a party shall destroy the confidential discovery material upon request of the producing party.  Outside counsel, however, shall not be required to return any pretrial or trial records regularly maintained by that counsel in the ordinary course of business, which records will continue to be maintained confidential in conformity with this Order.

13.       Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of such inadvertent production, promptly notify the receiving party, in writing, of such inadvertent production. In the event of such an inadvertent production, if the receiving party disputes the privileged nature or required return of the material, the parties shall confer in good faith to resolve the dispute. If the dispute cannot be resolved, the party seeking return of the alleged privileged material shall file an appropriate motion seeking their return with the Court

within fourteen (14) days of notifying the receiving party of the inadvertent production. Failure to file such a motion shall constitute a waiver of privilege.

14.     The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

15.     All parties to this action who review documents subject to the terms of this Order are hereby bound by the terms of this Order and subject themselves to the jurisdiction of this Court.

IT IS SO ORDERED.

Dated December 4, 2012, at Kansas City, Kansas.


                                             s/ James P. O'Hara
                                             James P. O'Hara
                                             U. S. Magistrate Judge

AGREED IN FORM AND SUBSTANCE BY:


 /s/ Kevin C. Koc                                                      /s/ Curtis R. Summers

Patrick G. Reavey        KS #17291            Christi Hilker Vaglio        KS #20408
Kevin C. Koc             KS #24953            Curtis R. Summers            KS #22063
Livestock Exchange Building                   Husch Blackwell LLP
1600 Genessee, Suite 303                      4801 Main Street, Suite 1000
Kansas City, Missouri 64102                   Kansas City, Missouri  64112
Telephone: (816) 474-6300                     Telephone: (816) 983-8000
Facsimile: (816) 474-6302                     Facsimile: (816) 983-8080
patrick@reaveylaw.com                         christi.vaglio@huschblackwell.com
kkoc@reaveylaw.com                            curtis.summers@huschblackwell.com

ATTORNEY FOR PLAINTIFF                        ATTORNEYS FOR DEFENDANT


12-2423-EFM-PO.doc                  8