## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRAIG FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-2423-EFM-JPO |
| | ) |
| APRIA HEALTHCARE, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER TO PRODUCE PROTECTED HEALTH INFORMATION AND QUALIFIED PROTECTIVE ORDER REGARDING SAME

Upon due consideration and for good cause shown, and over Defendant Apria Healthcare, Inc.'s ("Apria") objections, Apria is hereby ordered to produce email from Plaintiff's Apria email account, in native format, which emails and/or their attachments may contain Protected Health Information ("PHI") of Apria's customers subject to the Health Insurance Portability and Accountability Act ("HIPAA"). Specifically, the parties and their attorneys are hereby authorized to receive and transmit PHI subject to the following conditions:

1. For the purposes of this qualified protective order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

2. Apria is a "covered entity" (as defined by 45 C.F.R. § 160.13) that is hereby authorized to disclose PHI pertaining to Apria customers to attorneys representing the Plaintiff in the above-captioned litigation.

3. The parties and their attorneys shall be permitted to use or disclose such PHI in connection with this litigation, including any appeals of this case. This includes, but is not

necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

4. Prior to disclosing such PHI to persons involved in this litigation, counsel shall inform each such person that PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

5. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of PHI received from counsel pursuant to this Order, shall return such PHI to the covered entity or destroy any and all copies of PHI, *except* that counsel are not required to secure the return or destruction of PHI submitted to the court.

6. This Order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that item is defined in 45 C.F.R. § 160.103.

7. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

8. In the event PHI cannot be redacted, and to the extent the parties file documents containing PHI on ECF in connection with this case, the parties agree such filings shall be made under seal to the extent necessary to protect the PHI from disclosure.

IT IS SO ORDERED.

May 14, 2013.
                                           s/ James P. O'Hara
Honorable James P. O'Hara, Magistrate Judge
United States District Court
District of Kansas